UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY OWEN BARBER,**<br><br> Petitioner,<br><br>v.<br><br>**SHERIFF BILLY MURRAY,**<br><br> Respondent. | Case No.: 2:26-cv-369-HDM-SGC |

## MEMORANDUM OPINION

Petitioner Beverly Owen Barber petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (doc. 1 at 3, ¶ 1), and the case is presently before the court on a *sua sponte* screening of that petition under 28 U.S.C. § 2243. For all of the reasons set forth below, Barber's petition is **DENIED.**

## BACKGROUND

The court adopts and reincorporates its prior summary of the factual background of this case. (Doc. 4 at 1–3). Although after the court denied her first motion for a temporary restraining order, *id.* at 9, Barber filed an amended motion containing supplemental factual allegations, the salient point is that none of the new allegations give rise to an inference that she is presently a prisoner in the custody of

Respondent Sheriff Billy Murray, (*see generally* doc. 5), which, for all the reasons set forth below, is the single, determinative flaw in her habeas petition.

## ANALYSIS

The writ of habeas corpus is an "extraordinary remedy," *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (citation omitted), and its issuance is closely regulated by federal law. Barber seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (doc. 1 at 3, ¶ 1), which, by its plain terms, is only available to secure the release of a prisoner in custody, *see* 28 U.S.C. § 2241(c); *Burgess v. Lee*, No. 5:20-cv-729, 2020 WL 4680278, at *1 (N.D. Ala. July 21, 2020), *report and recommendation adopted*, No. 5:20-cv-729, 2020 WL 4673316, at *1 (Aug. 12, 2020) (affirming that habeas relief under § 2241 requires the petitioner be a prisoner in custody). When a court is confronted with such a petition, as this one is, it has three options: (1) it may grant the petition and issue the writ, (2) it may order the respondent to show cause why the writ should not be issued, or (3) it may *sua sponte* dismiss the petition outright if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. *See also Bundy v. Wainwright*, 808 F.2d 1410, 1414–15 (11th Cir. 1987) (summarizing the three options available to a court reviewing a petition for a writ of habeas corpus, including the option of outright dismissal for facial insufficiency). Rule 4 of the federal habeas regulations likewise provides that

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (emphasis added).[1] The Supreme Court has explicitly held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), and this court regularly does so, *see, e.g.*, *Hayes v. Guiterrez*, No. 4:23-cv-1047, 2023 WL 9065949, at *1 (N.D. Ala. Nov. 27, 2023), *report and recommendation adopted*, No. 4:23-cv-1047, 2024 WL 42306, at *1 (N.D. Ala. Jan. 3, 2024).

Barber's petition for a writ of habeas corpus is due to be dismissed because "it appears from the application that the applicant . . . is not entitled thereto," 28 U.S.C. § 2243, for the simple reason that, by her own admission, she is not a prisoner in custody. Barber seeks a writ of habeas corpus pursuant to § 2241, (doc. 1 at 3, ¶ 1), which, by its plain terms, is a remedy available only to prisoners in custody. 28 U.S.C. § 2241(c). Indeed, a petitioner seeking a writ of habeas corpus under § 2241 must allege "facts concerning the applicant's *commitment or detention*, the name of

---

[1] Although the federal habeas regulations are styled as "Rules Governing Section 2254 Cases in the United States District Courts," rather than Barber's chosen § 2241, Rule 1 provides that a district court may apply them to any petition seeking a writ of habeas corpus. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

3

the person who has *custody* over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242 (emphasis added). Thus, the statutory language requiring a habeas petitioner to be in custody to seek such a writ is crystal clear and courts routinely affirm that "United States district courts [have] jurisdiction to entertain petitions for habeas relief *only* from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (first emphasis added). *See also Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008) (per curiam) (discussing the "requirement that a petitioner be 'in custody'" to seek a writ of habeas corpus under 28 U.S.C. § 2241); *Ware v. Kilgore*, No. 1:19-cv-2052, 2020 WL 3022485, at *1 (N.D. Ala. May 7, 2020) ("To satisfy the requirements of [28 U.S.C.] § 2241, a petitioner must be 'in custody.'"). There is no ambiguity here: no custody, no writ, and Barber, by her own admission, is not in custody.

There are two components to the essential flaw in Barber's petition, which are really two sides of the same coin: the petition is flawed for what it does *not* say and what it *does* say. First, the petition does not include "facts concerning [Barber's] commitment or detention, [or] the name of the person who has custody over" her, 28 U.S.C. § 2242, because she never alleges she is presently committed or detained under anyone's authority, including Sheriff Murray. (*See generally* doc. 1). The closest she comes is her assertion that she "is in constructive custody within the

4

meaning of" *Jones v. Cunningham,* 371 U.S. 236 (1963), and *Hensley v. Municipal Court, San Jose-Milpitas Judicial District*, 411 U.S. 345 (1973), *id.* at 3, ¶ 2, but the court has previously explained at greater length why *Jones* and *Hensley* do not give rise to an inference that Barber is in constructive custody sufficient to warrant a writ of habeas corpus, (doc. 4 at 6–8). Without the flawed and unavailing reference to constructive custody, Barber's petition contains no allegations whatsoever that she is a prisoner in Sheriff Murray's custody and her petition fails as a matter of law. 28 U.S.C. § 2242(c); *Maleng*, 490 U.S. at 490.

If the first problem with Barber's petition is what it does not say, the second problem is what it does say: the only reasonable reading of Barber's petition—and, indeed, all of her other filings—is that she is not a prisoner in the custody of Sheriff Murray because she is voluntarily self-isolating in her home to *avoid* ever being in such custody. In her petition, she repeatedly states that she is remaining in her home in Pell City "to avoid" the execution of an allegedly void arrest warrant," (doc. 1 at 5, ¶ 5; 16, ¶ 27; 19), which makes it clear that the force that is keeping Barber in her house is none other than Barber herself, not Sheriff Murray. However unpleasant it may be to remain in one's home for nearly six months, the only question before the court is whether to issue a writ of habeas corpus, and self-imposed isolation is manifestly different from being a prisoner in custody as required for such a writ. *See* 28 U.S.C. § 2242(c). In her first motion for a temporary restraining order, she repeats

that she is "confined to her home under a void [but presently unexecuted] arrest warrant," (doc. 3 at 3), rather than a conviction or sentence. Indeed, the entire basis of her request to appear at a hearing remotely and declaration in support is that, if she does leave her house, she *might then* be placed in custody, (*see* doc. 7, ¶ 4; doc. 8, ¶ 15), *not* that she is *presently* in custody and unable to attend. She did not ask for a remote appearance because she could not appear in person but, rather, "because in-person travel to a courthouse requires [her] to travel alone, on isolated roads, at a time known in advance." (Doc. 8, ¶ 21). She identifies arrest and "contact with any law enforcement" as speculative future risks, *see id.*, and thus tacitly admits that such travel is possible and not subject to any external custody imposed by Sheriff Murray. In sum, because Barber, by her own admission, is not a prisoner in custody, she is precluded as a matter of law from seeking a writ of habeas corpus pursuant to § 2241. 28 U.S.C. § 2241(c); *Maleng*, 490 U.S. at 490; *Burgess*, 2020 WL 4680278, at *1. Her petition therefore "appears legally insufficient on its face," *McFarland*, 512 U.S. at 856, and the court "*must* dismiss the petition," Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

## CERTIFICATE OF APPEALABILITY

"A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition," *Hartsfield v. United States*, 629 F. Supp. 3d

1240, 1251 (S.D. Fla. Sept. 19, 2022). Federal habeas law explicitly provides that "an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). *See also Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008) (per curiam). The limited exception to this rule allows a district court to issue a certificate of appealability if the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Federal Rule of Appellate Procedure 22 likewise provides that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." FRAP 22(b)(1). A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. Because Barber's habeas petition is premised on process issued by a state court, (doc. 1 at 3, ¶ 2; 32), she is presumptively not entitled to appeal this denial without a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A). For all of the reasons set forth above, the court finds that Barber has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and so the court denies a certificate of appealability.

## CONCLUSION

Accordingly, the court **ORDERS** as follows:

1. Petitioner Beverly Owen Barber's Petition for a Writ of Habeas Corpus, (doc. 1), is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 2243. The court is dismissing Barber's petition outright rather than permitting her to amend it because, as stressed above, this is not merely a question of the sufficiency of her pleading, as her own factual allegations affirmatively preclude her from the relief she seeks.

2. All other pending motions, (doc. 5; doc. 6; doc. 7), are **DENIED AS MOOT.**

3. The court **DENIES** a certificate of appealability.

4. The hearing set by prior order, (doc. 4 at 10), is **CANCELLED.**

5. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion to Petitioner Beverly Owen Barber at her address on file in addition to the electronic notices Barber has previously requested. (Doc. 2).

6. The court will enter a separate final order.

**DONE** and **ORDERED** on March 12, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE